late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**HANG JIN KE, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–5153–ag.

United States Court of Appeals, Second Circuit.

June 29, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Elizabeth A. Weishaupl, Assistant United States Attorney, Denver, CO, for Respondent.

PRESENT: GUIDO CALABRESI, ROSEMARY S. POOLER and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Hang Jin Ke, through counsel, petitions for review of the September 2005 BIA order denying his motion to reopen removal proceedings. In April 2003, the BIA had previously denied Ke's motion to reopen based on his marriage and birth of his first United States citizen child. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005) (internal citations omitted). An abuse of discretion may be found where the BIA' s decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Ke's motion to reopen based on the failure to abide by the time and numerical limitations, because his motion was clearly filed beyond the filing deadline. 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R § 1003.2(c)(2) (2005). The BIA entered the final order in Ke's removal proceedings on April 24, 2003. Ke had 90 days to file a motion to reopen, yet did not file his motion until March 2005, almost two years later. Moreover, Ke had already filed other motions, including a motion to reopen

based on being married and having a child born in the United States.

Ke was not eligible for an exception to the time and numerical limitation requirement, given that his claim of a well-founded fear of persecution based on his two United States born-children was speculative. *Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005). We affirm the BIA's decision on this point because petitioner did not present sufficient evidence of "changed circumstances arising in the country or nationality or in the country to which deportation has been ordered...." 8 C.F.R. § 1003.2(c)(3)(ii)(2005). However, we cannot endorse the BIA's analysis that the PRC's lack of awareness about respondent's situation, and the fact that "there is no firm indication on this record that [petitioner] actually will take his United States citizen children with him," bears on the dispositive question of whether Ke is eligible for an exception.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).